<span style="color:red">**FILED**
**May 28, 2020**
**11:37 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**</span>



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **TERETHA RODGERS,** | ) | **Docket No. 2019-06-1998** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HBC d/b/a SAKS FIFTH AVENUE,** | ) | **State File No. 100976-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **SAFETY NATIONAL CASUALTY** | ) | **Judge Joshua Davis Baker** |
| **CORP.,** | ) | |
| **Carrier.** | ) | |

_____

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

_____

This claim came before the Court on Ms. Rodgers's request for expedited hearing on the record. Ms. Rodgers requested temporary disability and medical benefits, including reimbursement of medical expenses, for a meniscal tear in her right knee. For the reasons below, the Court denies Ms. Rodgers's request.

## Claim History

The Court derived these facts from file documentation. Ms. Rodgers worked for HBC as a warehouse order picker, which involved climbing ladders and kneeling. On April 5, 2019, Ms. Rodgers complained to her supervisor of right-leg pain and left early to obtain emergency care.

The Court does not have the emergency room records but does have records of Ms. Rodgers's treatment with Dr. Blake Garside. Initially, Dr. Garside suggested Ms. Rodgers believed her injury had occurred gradually without an identifiable cause when he wrote, "She has been experiencing pain in the right knee now for 2 months . . . She does not recall any specific injury." Dr. Garside neither noted any potential causes nor suggested a primary cause. Ultimately, he surgically repaired Ms. Rodgers's lateral meniscus tear.

1

HBC asserted Ms. Rodgers deprived it of the opportunity to provide medical care or temporary disability benefits by failing to report a work injury until six months after leaving work early for emergency treatment. According to affidavits from two of her supervisors, Ms. Rodgers said she could not work because of an injury and a surgery but never said that work caused her injury. Also, in her application to HBC for a leave of absence, Ms. Rodgers wrote that she needed leave for her "personal serious health condition."

Ms. Rodgers's written statements convey uncertainty over the injury's development. In her petition, Ms. Rodgers characterized her injury as developing over three weeks from climbing and kneeling at work. In her affidavit, however, she suggested her injury happened on April 5 while climbing ladders at work.

### Findings of Fact and Conclusions of Law

As an initial matter, HBC objected to including the majority of documents in the claim file on hearsay grounds. These included: (1) NCCI proof of coverage inquiry; Cigna Claim Details; a billing statement from Vanderbilt University Medical Center; and billing statements from other medical providers. The Court agrees that these items are hearsay. Additionally, none of these items are properly authenticated by a record's custodian, so none fall under any hearsay exceptions found in Tennessee Rule of Evidence 901.

Turning to the substance of Ms. Rodgers's claim, in order to prevail at an expedited hearing, she must present sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019). HBC argued Ms. Rodgers is not entitled to workers' compensation benefits because she did not present sufficient evidence of medical causation and did not provide notice of a work injury. The Court denies Ms. Rodgers's requested benefits for lack of medical proof but declines to address the notice defense.

The Court declines to decide the notice issue for two reasons. First, the Court holds that Ms. Rodgers failed to present sufficient evidence of medical causation. Second, the documentation does not clarify whether Ms. Rodgers alleged a gradual or an acute injury. For these reasons, the Court cannot determine whether Ms. Rodgers should have provided notice under Tennessee Code Annotated section 50-6-201(a)(1) or section 50-6-201(b).

The notice issue aside, the main failing of Ms. Rodgers's claim concerns expert medical proof. To prevail at a final hearing, Ms. Rodgers must prove she suffered a work injury by presenting "expert medical proof that the alleged injury is causally related to the employment when the case is not 'obvious, simple [or] routine.'" *Berdnik v. Fairfield*

*Glade Com'ty Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11(may 18, 2017). While lay testimony is probative, it is insufficient to prove causation without expert medical evidence. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015) ("Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation.").

Here, Ms. Rodgers failed to prove causation through expert medical evidence. In fact, based on the leave request she subnmitted to HBC, even Ms. Rodgers seemed unsure of the cause of her injury. Likewise, her surgeon, Dr. Garside, noted that Ms. Rodgers suffered knee pain for two months but stated "no specific injury." Because she conveyed no specific injury, Dr. Garside did not relate the cause of her condition to work. Without expert medical evidence on causation, the Court cannot find that Ms. Rodgers would likely prove her injury arose primarily out of her employment. Therefore, the Court holds Ms. Rodgers is not likely to prevail at a final hearing.

**IT IS ORDERED** as follows:

1. The Court denies Ms. Rodgers's request for benefits at this time.

2. The Court sets this claim for **a scheduling hearing on July 6, 2020, at 9:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED May 28, 2020.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

# APPENDIX

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing and Teresa Rodgers's Affidavit
4. Affidavit of Nicki Wilcox
5. Affidavit of Charles Lohn
6. Affidavit of Bridget Hollis
7. Medical Records
8. Leave of Absence Request Form
9. Letter

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 28, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Teretha Rodgers, Employee | | X | tarodgers5510@gmail.com |
| Catheryne Grant, Employer's Attorney | | X | catherynelgrant@feeneymurray.com jessica@feeneymurray.com |

/S/ Penny Shrum
_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries      $ _____ per month    Telephone    $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water      $ _____ per month    Clothing    $ _____ per month

Gas      $ _____ per month    Child Care    $ _____ per month

Transportation $ _____ per month    Child Support  $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____    (FMV) _____

Other      $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*